KAUDER, APPELLEE, *v.* KAUDER, A. K. A. GILBERG, APPELLANT.

(No. 73-807—Decided June 19, 1974.)

266

*Aronoff, Rosen & Lerner Co. L. P. A.*, and *Mr. William J. Ennis*, for appellee.

*Messrs. Cors, Hair & Hartsock, Mr. Louis J. Schneider, Jr.*, and *Mr. James R. Marlow*, for appellant.

*Per Curiam.* Appellant contends that the 30-day period within which she could appeal the court's entry of February 21, 1973, pursuant to App. R. 4(A), was suspended by the subsequent reconsideration given by the court to the referee's report. She further asserts that that reconsidera-

tion was the equivalent of a new trial, and hence that the journal entry of April 10, 1973, from which she purports to appeal, was itself a final appealable order.

We are unable to agree with appellant. In addition to establishing the 30-day period for appeal, App. R. 4(A) provides the exclusive means by which the running of that time may be suspended. The operation of the rule may be tolled by either the filing of a motion for judgment notwithstanding the verdict, pursuant to Civ. R. 50(B), or the filing of a motion for a new trial under Civ. R. 59. Appellant's "motion for reconsideration" manifestly is neither.*

Appellant's attempt to equate that motion with a motion for a new trial is of no avail, nor is her argument that the *de novo* nature of the court's reconsideration transformed the motion which triggered it into a motion for a new trial. App. R. 4(A) is precise in its requirements, and appellant's possible reliance to her detriment upon an informal local practice, although unfortunate, cannot alter the operation of that Rule. Her failure to conform to App. R. 4(A) rendered null the "reconsideration" and the resulting journal entry of April 10, 1973, and the Court of Appeals properly granted the motion to dismiss the appeal.

*Judgment affirmed.*

O'NEILL, C. J., HERBERT, CORRIGAN, STERN, CELEBREZZE, W. BROWN and P. BROWN, JJ., concur.

---

*If anything, it is a motion for relief from judgment pursuant to Civ. R. 60(B). In specific terms, Rule 60(B) provides: "A motion [filed hereunder] * * * does not affect the finalty of a judgment or suspend its operation." Thus, a Civ. R. 60(B) motion, by whatever name, does not toll the time in which an appeal can be filed.