OPINION
On July 30, 1997, appellant, James Curtis George, filed a complaint against several deputies of the Fairfield County Sheriff's Department, appellees, Hazel Parker, et al., alleging state law claims arising out of his arrest on March 21, 1997 on an outstanding warrant. On June 4, 1998, appellant filed a motion for summary judgment. On June 24, 1998, appellees filed their motion for summary judgment and a memorandum contra appellant's motion. By memorandum of decision filed October 13, 1998, the trial court denied appellant's motion for summary judgment and granted appellees' motion for summary judgment. On October 27, 1998, appellant filed a motion for reconsideration. By entry filed January 21, 1999, the trial court denied said motion. Appellant appealed said entry on January 28, 1999. This matter is now before this court for consideration. In his appellate brief under "Table of Contents," appellant lists "Statement of Assignments of Error" at "Page 1." There is no "Page 1" filed with the brief. On "Page 3" appellant sets forth "Statement of Facts" which purport to be issues for review. In his "Argument" section, appellant sets forth an introduction challenging the jurisdiction of the trial court wherein he filed his complaint, alleging abuse of discretion by the trial court and claiming denial of due process and fraud. In his "Relief Requested," appellant requests a jury trial and a complete investigation. By memorandum of decision filed October 13, 1998, the trial court denied appellant's motion for summary judgment and granted appellees' motion for summary judgment. On October 27, 1998 and November 6, 1998, appellant filed a motion for reconsideration and a request for findings of fact and conclusions of law, respectively. The trial court denied the motion and request by entry filed January 21, 1999. On January 28, 1999, appellant filed a notice of appeal of the trial court's January 21, 1999 entry. The Ohio Rules of Civil Procedure do not provide for motions for reconsideration therefore such motions are considered a nullity. Pitts v. Dept. of Transportation (1981),67 Ohio St.2d 378. It follows that a judgment entered on a motion for reconsideration is also a nullity and a party cannot appeal from such a judgment. Kauder v. Kauder (1974), 38 Ohio St.2d 265. Even assuming arguendo appellant's intention was to appeal the October 13, 1998 decision on the summary judgment motions, appellant failed to timely file his notice of appeal. Pursuant to App. R. 4(A) "[a] party shall file the notice of appeal required by App. R. 3 within thirty days of the later of entry of the judgment or order appealed * * *." Appellant's motion for reconsideration did not extend the appeal time. In Kauder at 267, the Supreme Court of Ohio held the following: In addition to establishing the 30-day period for appeal, App. R. 4(A) provides the exclusive means by which the running of that time may be suspended. The operation of the rule may be tolled by either the filing of a motion for judgment notwithstanding the verdict, pursuant to Civ.R. 50(B), or the filing of a motion for a new trial under Civ.R. 59. Appellant's "motion for reconsideration" manifestly is neither.
Based upon the foregoing, this appeal is dismissed.
By Farmer, J. Wise, P.J. and Edwards, J. concur.