OPINION
Appellant Wilma McCullough appeals the December 2, 1999 decision of the Court of Common Pleas, Fairfield County, which reiterated a grant of summary judgment in favor of Appellee Catholic Diocese of Columbus, et al. The relevant facts leading to this appeal are as follows. Appellee regularly sponsors bingo tournaments as a method of raising charitable funds. On the evening of September 27, 1996, appellant attended such an event. Later in the evening, after sunset, she exited the building, which required descending several stairs. Appellant alleged that she fell during her exit as a result of defective lighting at the exterior of the building. Appellant filed suit against appellees on September 17, 1998. On August 16, 1999, appellee filed a motion for summary judgment. On October 18, 1999, the trial court rendered a memorandum of decision finding, inter alia, "* * * reasonable minds can come to but one conclusion and that the Plaintiff's actions in walking down a completely dark stairway was (sic) the proximate cause of her injuries." Memorandum of Decision, October 18, 1999, at 6. The trial judge further directed appellee's counsel to prepare a judgment entry granting summary judgment in favor of appellee, and to present same to appellant's counsel for approval. However, appellant instead filed a pleading captioned "MEMORANDUM DETAILING PLAINTIFF'S REASONS FOR NOT APPROVING THE ENTRY PREPARED BY DEFENDANTS AND PLAINTIFF'S MOTION FOR RECONSIDERATION" on October 28, 1999. In response, on November 4, 1999, appellee filed a memorandum in opposition to the motion for reconsideration. Nonetheless, on that same day, November 4, 1999, a judgment entry granting appellee's motion for summary judgment was filed with the trial court. The entry contained the approval signature of appellee's counsel, but the line for appellant's counsel's signature was marked "unable to sign — See Memorandum * * *." On December 2, 1999, the trial court rendered a journal entry denying appellant's motion for reconsideration, and again granting summary judgment in favor of appellee. Appellant filed her notice of appeal on December 30, 1999. Appellant herein raises the following sole Assignment of Error:
I THE TRIAL COURT ERRED IN GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT.
 I
Upon review of the procedural history of this case, we need not reach the merits of appellant's argument. The Ohio Rules of Civil Procedure do not provide for motions for reconsideration, therefore such motions are considered a nullity. Pitts v. Dept. of Transportation (1981), 67 Ohio St.2d 378, 423 N.E.2d 1105. It follows that a judgment entered on a motion for reconsideration is also a nullity and a party cannot appeal from such a judgment. Kauder v. Kauder (1974), 38 Ohio St.2d 265, 313 N.E.2d 797; George v. Parker (Sept. 10, 1999), Fairfield App. No. 99CA3, unreported.
Even assuming arguendo that appellant's intention was to appeal the November 4, 1999 decision on the summary judgment motion, appellant failed to timely file her notice of appeal. Pursuant to App.R. 4(A) "[a] party shall file the notice of appeal required by App.R. 3 within thirty days of the later of entry of the judgment or order appealed * * *." Appellant's motion for reconsideration did not extend the appeal time. In Kauder at 267, 313 N.E.2d 797, the Supreme Court of Ohio held the following: In addition to establishing the 30-day period for appeal, App.R. 4(A) provides the exclusive means by which the running of that time may be suspended. The operation of the rule may be tolled by either the filing of a motion for judgment notwithstanding the verdict, pursuant to Civ.R. 50(B), or the filing of a motion for a new trial under Civ.R. 59. Appellant's "motion for reconsideration" manifestly is neither.
Based upon the foregoing, this appeal is dismissed.
By Farmer, J. Gwin, P.J. Wise, J. concur.