OPINION
Appellants David and Max Dunkle have appealed the February 21, 2001 judgment of the Summit County Court of Common Pleas. However, this Court must dismiss the appeal for lack of jurisdiction.
 I
The underlying case began a decade ago when Appellants filed a declaratory judgment action in the Summit County Court of Common Pleas, requesting the court to determine whether a tract of land fronting East Waterloo Road in Springfield Township and measuring 200 feet by 120 feet was L-shaped or rectangular, and for declaration of a prescriptive easement. Since that time, the case has thrice been before this Court, has been refused by the Supreme Court of Ohio, and has proceeded in the trial court on a number of various motions.
It appears from review of the record and briefs and from oral arguments that the events relative to this purported appeal began on November 12, 1998, when Appellees filed a motion for an order to show cause why Appellants should not be held in contempt for failing to comply with a 1997 judgment entry. Appellants responded thereto, and the magistrate issued a decision on June 30, 1999, granting Appellees' motion and ordering Appellants to cease any further use of the land and to restore the property, as previously ordered by the court, within 14 days of the trial court's adoption of the order. Appellants filed objections to the magistrate's decision and requested a hearing. The trial court overruled the objections and purported to adopt the decision of the magistrate on February 1, 2000. Appellants filed a notice of appeal on February 24, 2000, but this Court dismissed the appeal for lack of jurisdiction because the trial court's adoption of the magistrate's decision was defective, rendering the lower court's judgment non-final.
Evidentiary hearings were held during April and May 2000, and a site examination was conducted. A third evidentiary hearing was held during August 2000, in response to Appellants' request. The magistrate issued a decision on August 18, 2000. Objections were filed by all parties. The trial court entered final judgment on the matter, overruling all objections and adopting the magistrate's decision, and stated: "[T]his case in its entirety is fully ended and completed. * * * This is a final appealable judgment entry.[1] No just cause for delay." (Footnote added.) The entry was journalized on November 29, 2000. Appellants did not appeal from the trial court's adoption of the magistrate's decision.
On December 13, 2000, Appellants filed a pleading captioned "MOTION OF [APPELLANTS] FOR A NEW TRIAL AND/OR JUDGMENT NOT WITHSTANDING [sic] VERDICT OR THE COURT TO RECONSIDER ITS JUDGMENT ORDER OF NOVEMBER 29, 2000[.]" In response, on December 19, 2000, Appellees moved to strike, for sanctions, and for a permanent injunction. The trial court denied all pending motions on February 21, 2001. On March 22, 2001, Appellants filed the notice of appeal in the case presently before this Court and attached the trial court's February 21, 2001 order.
 II
Appellants have attempted to appeal from the trial court's denial of their motion for reconsideration. Although Appellants' motion was entitled "MOTION * * * FOR A NEW TRIAL AND/OR JUDGMENT NOT WITHSTANDING [sic] VERDICT OR THE COURT TO RECONSIDER ITS JUDGMENT ORDER OF NOVEMBER 29, 2000[,]" the motion was simply a request for reconsideration. There had been no trial; therefore Appellants' motion could not have been considered a motion for a new trial or a motion for judgment notwithstanding the verdict. Appellants' motion was a request for reconsideration of the trial court's November 29, 2000 judgment. SeeSt. Vincent Charity Hosp. v. Mintz (1987), 33 Ohio St.3d 121, 123
(explaining that the titles assigned to documents are not dispositive; the contents of a filing determine the nature of the document).
The Ohio Rules of Civil Procedure do not provide for motions for reconsideration; therefore, such motions are considered nullities. Pittsv. Dept. of Transportation (1981), 67 Ohio St.2d 378, 380. It follows that a judgment entered on a motion for reconsideration is also a nullity. Kauder v. Kauder (1974), 38 Ohio St.2d 265, 267. Accordingly, Appellants' motion and the trial court's February 21, 2001 judgment on that motion are nullities.
Even assuming arguendo that Appellants' intention was to appeal the November 11, 2000 decision adopting the magistrate's August 18, 2000 decision and overruling all objections thereto, Appellants failed to timely file their notice of appeal. Pursuant to App.R. 4(A) "[a] party shall file the notice of appeal required by App.R. 3 within thirty days of the later of entry of the judgment or order appealed * * * ." Appellants' motion for reconsideration did not extend the appeal time. See Kauder, 38 Ohio St. 2d at 267.
 III
Based upon the foregoing, this appeal is dismissed.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to Appellants.
BETH WHITMORE, BAIRD, P.J., CARR, J. CONCURS.
[1] This Court notes that while the trial court must give parties notice of final orders, the trial court has no authority to determine this Court's jurisdiction.