OPINION
Appellant Sharon M. Treadway appeals two decisions of the Licking County Court of Common Pleas, Domestic Relations Division, denying her motion to vacate a prior judgment entry dissolving her marriage with Appellee Ronald E. Treadway, and denying her motion to reconsider. The relevant facts leading to this appeal are as follows.
Appellant and appellee were married on October 6, 1963. On August 14, 1998, a pro se decree of dissolution was filed, incorporating the parties' separation agreement. On December 29, 2000, over two years later, appellant filed a motion to vacate the decree of dissolution, invoking the provisions of Civ.R. 60(B)(5). Appellant submitted her own affidavit therewith. Appellee filed a response on February 21, 2001.
On March 7, 2001, the trial court issued a judgment entry denying appellant's motion to vacate. Appellant thereupon filed a motion requesting the court reconsider its entry denying the motion to vacate. Appellant attached therewith affidavits from four individuals averring that appellant and appellee continued to live together after the dissolution. After reviewing the motion to reconsider and appellee's memorandum contra, the court denied further reconsideration, via a judgment entry filed April 2, 2001.
Appellant timely filed a notice of appeal regarding both the March 7, 2001 and April 2, 2001 judgment entries. She herein raises the following sole Assignment of Error:
 I. THE TRIAL COURT ABUSED ITS DISCRETION BY FAILING TO ALLOW AN EVIDENTIARY HEARING WHEN PETITIONER-APPELLANT IN HER 60(B) MOTION, WHICH WAS SUPPORTED BY HER ADULT CHILDREN, A DAUGHTER-IN-LAW AND A NEIGHBOR, ALLEGED THAT: (1) THE PARTIES CONTINUED LIVING TOGETHER AFTER THE FINAL DISSOLUTION HEARING; (2) SHE WAS SUFFERING FROM DEPRESSION AT THE TIME OF THE HEARING, SHE IS NOW ON MEDICATION, AND SHE IS NOW TREATED BY EXPERTS WHOSE TESTIMONY SHE WISHED TO PRESENT; (3) SHE WAS BULLIED, ABUSED, AND THREATENED WITH DEATH EVEN AT GUNPOINT; (4) SHE WAS PROHIBITED FROM REPRESENTATION BY AN ATTORNEY BECAUSE HER HUSBAND DESPISES THEM; (5) A MAJOR ASSET, THE HUSBAND'S BUSINESS, WAS NOT VALUED OR PROPERLY DIVIDED; (6) THE SPOUSAL SUPPORT PROVISION WAS UNFAIR IN LIGHT OF THE LENGTH OF THE MARRIAGE AND THE WIFE'S INABILITY TO WORK. AN EVIDENTIARY HEARING BECAME IMPERATIVE WHEN IT APPEARED THAT THE APPELLEE MAY HAVE SUBMITTED ALTERED DOCUMENTS IN SUPPORT OF HIS POSITION AND WITNESS SIGNATURES MAY HAVE BEEN ADDED TO THE SEPARATION AGREEMENT AFTER THE FACT.
 I
Appellant herein challenges both the March 7, 2001 and April 2, 2001 judgment entries, both of which addressed appellant's challenges to the original decree of dissolution. Clearly, a judgment overruling a Civ.R. 60(B) motion for relief from judgment is a final appealable order. GTEAutomatic Electric v. ARC Industries (1976), 47 Ohio St.2d 146, 149-150. However, the Ohio Rules of Civil Procedure do not provide for motions for reconsideration after a final judgment, therefore such a motion is considered a nullity. Pitts v. Dept. of Transportation (1981),67 Ohio St.2d 378, 423 N.E.2d 1105. It follows that a judgment entered on a motion for reconsideration is also a nullity and a party cannot appeal from such a judgment. Kauder v. Kauder (1974), 38 Ohio St.2d 265; Georgev. Parker (Sept. 10, 1999), Fairfield App. No. 99CA3, unreported. See, also, Saker v. Barton (May 20, 1999), Franklin App. No. 98AP-1142, unreported. Thus, upon review of the procedural history of this case, we are compelled to address appellant's arguments only in regard to the March 7, 2001 judgment entry denying the Civ.R. 60(B) motion to vacate, not the trial court's April 2, 2001 denial of the motion to reconsider.
Civ.R. 60(B) reads as follows:
 On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order or proceeding for the following reasons: (1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(B); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation or other misconduct of an adverse party; (4) the judgment has been satisfied, released or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (5) any other reason justifying relief from the judgment. The motion shall be made within a reasonable time, and for reasons (1), (2) and (3) not more than one year after the judgment, order or proceeding was entered or taken. A motion under this subdivision (B) does not affect the finality of a judgment or suspend its operation.
Civ.R. 60(B) represents an attempt to "strike a proper balance between the conflicting principles that litigation must be brought to an end and justice should be done." Colley v. Bazell (1980), 64 Ohio St.2d 243, 248
(citation omitted). A motion for relief from judgment under Civ.R. 60(B) is addressed to the sound discretion of the trial court and a ruling will not be disturbed absent an abuse of discretion. Griffey v. Rajan (1987),33 Ohio St.3d 75, 77. An abuse of discretion connotes more than an error of law or judgment, it implies the court's attitude is unreasonable, arbitrary or unconscionable. Blakemore v. Blakemore(1983),5 Ohio St.3d 217, 219. In order to prevail on a motion brought pursuant to Civ.R. 60(B), * * * the movant must demonstrate that (1) the party has a meritorious defense or claim to present if relief is granted; (2) the party is entitled to relief under one of the grounds stated in Civ.R. 60(B)(1) through (5); and (3) the motion is made within a reasonable time, and, where the grounds of relief are Civ.R. 60(B)(1), (2) or (3), not more than one year after the judgment, order or proceedings was entered or taken. Argo Plastic Products Co.v. Cleveland (1984), 15 Ohio St.3d 389, 391, citing GTE AutomaticElectric v. ARC Industries (1976), 47 Ohio St.2d 146, paragraph two of the syllabus.
If any prong of this requirement is not satisfied, relief shall be denied. Argo at 391. Further "[i]f the material submitted by the movant in support of a motion for relief from judgment contains no operative facts or meager and limited facts and conclusions of law, it will not be an abuse of discretion for the trial court to refuse to grant a hearing and overrule the motion." Adomeit v. Baltimore (1974), 39 Ohio App.2d 97,105.
As noted previously, appellant cited Civ.R. 60(B)(5) as grounds for her motion to vacate. Her affidavit in support thereof states that she and appellee lived together after the granting of the dissolution, and that she continued to do ironing and cooking chores for him. Appellant also averred that appellee mentally abused and threatened to kill her. She asserted that she has been suffering from depression and arthritis, and was bullied by appellee and prohibited from obtaining her own legal advice. She stated she went through with the dissolution with the hope that the marriage would survive. Finally, she asserted that appellee's insurance business was not evaluated or divided in the dissolution.[1]
Appellee filed a responsive affidavit in which, inter alia, he denied abusing or threatening appellant or hindering her from obtaining counsel. He denied continuing to live with appellant, averring instead that during the period prior to the sale of the farm in October 1998, he would stop there "during the early morning hours" after his work day, sleep for a few hours, and get up to take care of the farm animals. He maintained that no sexual relations took place with appellant and that he had limited contact with her during these episodes. He denied receiving meals from appellant, except for some sandwiches while he completed haying chores.
Ohio law makes clear that Civ.R. 60(B)(5) should not be used as a substitute for any of the other more specific provisions of Civ.R. 60(B). Caruso-Ciresi, Inc. v. Lohman (1983), 5 Ohio St.3d 64,448 N.E.2d 1365, paragraph one of the syllabus. Although the trial court commendably made a thorough review of each of appellant's contentions in its seven-page judgment entry overruling the motion to vacate, we find that appellant's claims would nonetheless have fallen under Civ.R. 60(B)(1) or 60(B)(3), not the "catch-all" provision of Civ.R. 60(B)(5). The sole possible exception is appellant's position that appellee's post-dissolution stays at the farm violated the requirement of "immediate separation" in R.C. 3103.06, which mandates: "A husband and wife cannot, by any contract with each other, alter their legal relations, except that they may agree to an immediate separation and make provisions for the support of either of them and their children during the separation." However, upon review, we find no abuse of discretion in the trial court's finding that appellant "* * * failed to meet her burden of proof establishing the parties were actually continuing to live together as a man and wife at the time of, and after, the dissolution hearing." Judgment Entry, March 7, 2001, at 4.
The trial court did not abuse its discretion in denying appellant an evidentiary hearing regarding her motion to vacate the dissolution decree. Appellant's sole Assignment of Error is overruled.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgments of the Court of Common Pleas of Licking County, Ohio, are affirmed.
Costs are assessed to appellant.
Hon. Sheila G. Farmer, P. J. Hon. John W. Wise, J. Hon. John F. Boggins, J. concur.
[1] Appellant partially misstated the case with this assertion, as the separation agreement clearly reads that she was to receive "[a] percentage of husbands (sic) business equal to $10,000 after sale of farm from Husbands (sic) portion of proceeds."