OPINION
{¶ 1} Plaintiff-appellant Jerry Lee Primmer appeals from the October 31, 2002, Judgment Entry of the Fairfield County Court of Common Pleas. Defendant-appellee is Thomas C. Lipp.
 STATEMENT OF THE FACTS AND CASE {¶ 2} On November 19, 2001, appellant filed a civil complaint for legal malpractice in the Fairfield County Court of Common Pleas. Appellee filed an amended answer and counterclaim on January 2, 2002. By Judgment Entry filed May 1, 2002, the trial court indicated that it would treat paragraph 10 of appellee's answer as a motion for summary judgment. Paragraph 10 of appellee's answer indicated that appellant's suit for legal malpractice failed to state a claim under which relief could be granted and asserted that the suit should be dismissed.
 {¶ 3} By Judgment Entry filed September 13, 2002, the trial court found that there was no genuine issue as to any material facts and rendered summary judgment in favor of appellee. Appellant's complaint was dismissed with prejudice. On September 24, 2002, appellant filed a motion for reconsideration. By Judgment Entry filed October 31, 2002, the trial court dismissed the motion for reconsideration indicating that because it was filed out of rule, the trial court would not consider it.
 {¶ 4} On December 3, 2002, appellant filed a notice of appeal stating that an appeal was being taken from the October 31, 2002, Judgment Entry of the trial court. Thus, it is from that Judgment Entry that appellant appeals, raising the following assignments of error:
 {¶ 5} "I. THE LOWER COURT ERRED BY GRANTING SUMMARY JUDGMENT IN FAVOR OF DEFENDANT.
 {¶ 6} "II. THE LOWER COURT DENIED PLAINTIFF DUE PROCESS.
 {¶ 7} We find that we have no jurisdiction to address the merits of appellant's assignments of error. Appellant appeals the trial court's decision regarding his motion for reconsideration. However, the Ohio Rules of Civil Procedure do not provide for motions for reconsideration. Such motions are considered a nullity. McCullough v. Catholic Diocese ofColumbus (March 13, 2000), Fairfield App. No. 99CA77 (citing Pitts v.Dep. of Transportation (1981), 67 Ohio St.2d 378, 423 N.E.2d 1105). It follows that a judgment entered on a motion for reconsideration is also a nullity and a party cannot appeal from such a judgment. Id. (citingKauder v. Kauder (1974) 38 Ohio St.2d 265, 313 N.E.2d 797; George v.Parker (Sept. 10, 1999), Fairfield App. No. 99CA3).
 {¶ 8} Even assuming arguendo that appellant's intention was to appeal the September 13, 2002, decision on the summary judgment motion, appellant failed to timely file his notice of appeal. Pursuant to App.R. 4(A) "[a] party shall file the notice of appeal required by App.R. 3 within 30 days of the later of entry of the judgment or order appealed ". Appellant's motion for reconsideration did not extend the appeal time. Kauder, 38 Ohio St.2d at 267. A review of the dates involved reveals that appellant did not file his notice of appeal within 30 days of the decision on the summary judgment motion. Therefore, this Court is without jurisdiction to determine the merits of appellant's appeal. See App.R. 3.
 {¶ 9} Accordingly, appellant's appeal is dismissed.
By: Edwards, J. Hoffman, P.J. and Wise, J. concur.