OPINION
{¶ 1} Defendant, Michael Dingledine, appeals an Allen County Common Pleas Court judgment, denying his motion to modify or clarify his sentence and to vacate his Sexual Predator classification. Considering Appellant's two issues separately, we affirm the trial court's dismissal of Appellant's motion.
 {¶ 2} On April 21, 1986, Appellant was convicted of Rape in violation of R.C. 2907.02(A)(1) and sentenced to the Ohio Department of Rehabilitation and Correction for a term of eight to twenty-five years. From this judgment, Appellant instituted a direct appeal challenging his conviction on the basis that it was against the manifest weight of the evidence. Upon consideration, this court affirmed the judgment of the trial court in State v. Dingledine.[1] Although Appellant first became eligible for parole in 1991, he has remained incarcerated since his 1986 conviction.
 {¶ 3} In 1997, the trial court denied the State's petition to classify Appellant as a Sexual Offender, finding the sexual classification statute was unconstitutional. The State did not appeal the trial court's denial of its petition. In 1999, the State again petitioned the trial court to classify Appellant as a Sexual Predator, based upon the Ohio Supreme Court's finding that the Sexual Predator statute was constitutional.[2] The trial court granted this petition, classifying Appellant a Sexual Predator. Appellant did not appeal that proceeding.
 {¶ 4} Then, on May 12, 2003, Appellant filed a pro se motion for sentence modification and clarification. In his motion, Appellant made two distinct requests. First, he asked that the trial court either clarify its original sentencing intent or modify its sentencing and commitment order, so that it would reflect the law that was in effect at the time of Appellant's conviction. Second, Appellant asserted that the 1999 Sexual Predator classification violated the doctrine of res judicata.
 {¶ 5} In a judgment entry dated May 15, 2003, the trial court denied both of appellant's requests. It is from this judgment, Appellant now appeals. While Appellant asserted no assignments of error, we are able to formulate the following two assignments of error:
 Assignment of Error I
Based on Layne v. Ohio Adult Parole Authority[3] the trial court should have granted Appellant's request for sentencing clarification.
 Assignment of Error II
The 1999 Sexual Predator classification violated the doctrine of res judicata.
 {¶ 6} To avoid confusion, we will address each issue separately, as if each had been properly raised in a separate assignment of error.
 {¶ 7} Turning to the sentencing issue, Appellant appeals from the trial court's May 15, 2003 entry, which addressed his motion for sentence modification. Essentially, Appellant was moving the trial court to reconsider its judgment on his original 1986 sentence. Although Appellant did not caption his motion as a petition for post-conviction relief, it is a petition for post-conviction relief.[4] "Where a criminal defendant, subsequent to his or her direct appeal, files a motion seeking vacation or correction of his or her sentence on the basis that his or her constitutional rights have been violated, such a motion is a petition for post-conviction relief as defined in R.C. 2953.21."[5]
 {¶ 8} As set forth in R.C. 2953.21(A)(2), "A petition under division (A)(1) of this section shall be filed no later than one hundred eighty days after the date on which the trial transcript is filed in the court of appeals in the direct appeal of judgment of conviction or adjudication * * *. If no appeal is taken, the petition shall be filed no later than one hundred eighty days after the expiration of the time for filing the appeal."
 {¶ 9} R.C. 2953.23 also provides in pertinent part:
(A) Whether a hearing is or is not held on a petition filed pursuant to section 2953.21 of the Revised Code, a court may not entertain a petition filed after the expiration of the period prescribed in division (A) of that section or a second petition or successive petitions for similar relief on behalf of a petitioner unless both of the following apply:
(1) Either of the following applies:
(a) The petitioner shows that the petitioner was unavoidably prevented from discovery of the facts upon which the petitioner must rely to present the claim for relief.
(b) Subsequent to the period prescribed in division (A)(2) of section2953.21 of the revised code or to the filing of an earlier petition, the United States Supreme Court recognized a new federal or state right that applies retroactively to persons in the petitioner's situation, and the petitioner asserts a claim based on that right.
(2) The petitioner can show by clear and convincing evidence that, but for constitutional error at trial, no reasonable factfinder would have found the petitioner guilty of the offense of which petitioner was convicted * * *.
 {¶ 10} R.C. 2953.21 as amended in 1995 contained a "savings clause," which allowed "[a] person who seeks post conviction relief pursuant to section 2953.21 through 2953.23 of the Revised Code with respect to a case in which sentence was imposed prior to the effective date of this act * * * shall file a petition within the time required in division (A)(2) of section 2953.21 of the Revised Code, as amended by this act, or within one year from the effective date of this act, whichever is later."[6]
 {¶ 11} Here, Appellant was convicted in 1986, nine years prior to the amendment to R.C. 2953.21. The "savings clause" required Appellant to file his petitions for post conviction relief within 1996, which would have been one year from the effective date of the amendment to R.C.2953.21. Appellant did not file his petition for postconviction relief until May 12, 2003 almost eight years after it was required to be filed under R.C. 2953.21. Accordingly, Appellant's petition for postconviction relief was not timely.
 {¶ 12} Further, Appellant does not qualify for untimely postconviction relief under R.C. 2953.23. In order to qualify under R.C.2953.23, Appellant must show that he was either "unavoidably prevented" from discovering new evidence or that the United States Supreme Court has recognized a new state or federal right. In his petition, Appellant neither contends that there was new evidence nor that his petition was based on a new state or federal right. Because Appellant's petition for postconviction relief was not filed timely, we affirm the trial court's decision to deny his petition.
 {¶ 13} We now turn to the Appellant's request to have the 1999 Sexual Predator classification modified. Appellant appeals from the trial court's May 12, 2003 journal entry that denied his request for modification. Appellant asserts, in both the May 12th motion and on appeal, that the 1999 Sexual Predator classification violated the doctrine of res judicata.
 {¶ 14} The Ohio Supreme Court has stated that "[t]he Ohio Rules of Civil Procedure do not prescribe motions for reconsideration after a final judgment in the trial court."[7] Therefore, motions for reconsideration are a nullity.[8] It follows that a judgment entered on a motion for reconsideration is also a nullity, and a party cannot appeal from such a judgment.[9]
 {¶ 15} In his 2003 motion, Appellant asked the trial court to remove his 1999 Sexual Predator classification, asserting that it violated the doctrine of res judicata. Because Appellant was asking the trial court to reconsider its early judgment, the 2003 motion was in substance a motion for reconsideration. Accordingly, the request was a nullity and we affirm the trial court's denial of such.
 {¶ 16} Based on the foregoing analysis, Appellant's assignments of error are without merit, and the judgment of the trial court is affirmed.
Judgment affirmed.
BRYANT, P.J., and CUPP, J., concur.
[1] State v. Dingledine (Mar. 1, 1988), 3rd Dist. No. 1-86-27.
[2] State v. Cook (1998), 83 Ohio St.3d 404, 700 N.E.2d 570.
[3] Layne v. Ohio Adult Parole Authority, 97 Ohio St.3d 456,2002-Ohio-6719.
[4] State v. Reynolds (1997), 79 Ohio St.3d 158, 160,679 N.E.2d 1131
[5] Id.
[6] S.B. No. 2; also, see, State v. Beaver (1998), 131 Ohio App.3d 458,461-62; 772 N.E.2d 1046.
[7] Pitts v. Ohio Dept. of Transp. (1981), 67 Ohio St.2d 378,423 N.E.2d 1105, paragraph one of the syllabus.
[8] Id. at 380.
[9] Kauder v. Kauder (1974), 38 Ohio St.2d 265, 313 N.E.2d 797.