OPINION
{¶ 1} On May 20, 2005, appellant, Kelly Temporary Services, filed a complaint against appellees, Tom Fitzgerald and Mike Reley, for monies due on an account. On July 20, 2005, appellees filed a motion to dismiss claiming appellant was not a properly registered foreign corporation in the state of Ohio. By judgment entry filed October 7, 2005, the trial court granted the motion and dismissed the complaint.
 {¶ 2} Appellant filed a motion for reconsideration on October 27, 2005. By judgment entry filed December 15, 2005, the trial court denied the motion.
 {¶ 3} Appellant filed an appeal and this matter is now before this court for consideration. Assignments of error are as follows:
 I {¶ 4} "THE TRIAL COURT ERRED BY DENYING THE APPELLANT'S REQUEST FOR LEAVE TO AMEND ITS COMPLAINT."
 II {¶ 5} "THE TRIAL COURT ERRED BY HOLDING THAT THE APPELLANT HAS TO BE REGISTERED WITH THE OHIO SECRETARY OF STATE BEFORE BRINGING AN ACTION IN OHIO COURTS."
 I, II {¶ 6} These two assignments of error challenge the trial court's October 7, 2005 judgment entry granting appellees' motion to dismiss. The notice of appeal was filed on January 13, 2006, after the trial court denied appellant's motion for reconsideration on December 15, 2005. For the following reasons, we find this appeal to be untimely filed.
 {¶ 7} R.C. 2505.02 governs final orders. Subsection (B) states the following in pertinent part:
 {¶ 8} "(B) An order is a final order that may be reviewed, affirmed, modified, or reversed, with or without retrial, when it is one of the following:
 {¶ 9} "(1) An order that affects a substantial right in an action that in effect determines the action and prevents a judgment;
 {¶ 10} "(2) An order that affects a substantial right made in a special proceeding or upon a summary application in an action after judgment;
 {¶ 11} "(3) An order that vacates or sets aside a judgment or grants a new trial;"
 {¶ 12} The October 7, 2005 judgment entry dismissed appellant's complaint and therefore was a final appealable order:
 {¶ 13} "The Court finds that the Defendant's Motion to Dismiss is well-taken. Ohio law prohibits a foreign corporation that has not properly registered with the Secretary of State from bringing an action in Ohio Courts. R.C. 1703.29. Plaintiff's Complaint alleges that it is a foreign corporation and concedes that no foreign corporation under the name `Kelly Temporary Services' is licensed or registered with the Ohio Secretary of State. Under these circumstance (sic) it is clear that `Kelly Temporary Services' is not entitled to bring an action in Ohio courts.
 {¶ 14} "Rather than concede to a dismissal, however, Plaintiff asserts that the appropriate remedy is to allow it to correct the Plaintiff's name to `Kelly Services Inc.' under Rule 60(A). The Court disagrees. Rule 60(A) was designed to allow for the correction of minor clerical mistakes in `judgments, orders, or other parts of the record.' In this case, the error occurs in a parties' pleading and involves the identity of the entity commencing the action, hardly a minor clerical error."
 {¶ 15} Pursuant to App.R. 4(A), the time for appeal ran on November 8, 2005. Although appellant filed a "Motion for Reconsideration" on October 27, 2005, the motion did not stay the time for filing an appeal. A motion for reconsideration is not included in the exceptions to App.R. 4(A). See, App.R. 4(B). Furthermore, the Ohio Rules of Civil Procedure do not provide for motions for reconsideration, therefore such motions are considered a nullity. Pitts v. Dept. of Transportation (1981),67 Ohio St.2d 378. It follows that a judgment entered on a motion for reconsideration is also a nullity and a party cannot appeal from such a judgment. Kauder v. Kauder (1974),38 Ohio St.2d 265.
 {¶ 16} This appeal is dismissed for being untimely filed.
Farmer, J. Hoffman, P.J. and Edwards, J. concur.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, this appeal is dismissed.