DECISION AND JOURNAL ENTRY
{¶ 1} Appellant, Matthew Myers, appeals the judgment of the Wayne County Court of Common Pleas, which denied his motion for resentencing. This Court dismisses for lack of jurisdiction because the appeal is untimely.
 I. {¶ 2} On February 19, 2004, Myers was indicted on one count of attempted murder in violation of R.C. 2903.02/2923.02(A), a felony of the first degree; and one count of felonious assault in violation of R.C. 2903.11(A)(1), a felony of the second degree. The matter proceeded to trial before the bench. At the conclusion of the State's case-in-chief, the trial court granted Myers' Crim. R. 29 motion for acquittal as to the count of attempted murder. At the conclusion of trial, the court found Myers guilty of felonious assault. The trial court sentenced Myers to 8 years in prison. Myers appealed his conviction and sentence. On November 13, 2006, this Court *Page 2 
affirmed Myers' conviction and sentence. State v. Myers, 9th Dist. No. 06CA0003, 2006-Ohio-5958. Myers appealed to the Ohio Supreme Court which affirmed this Court's decision.
 {¶ 3} Before this Court issued its decision on Myers' appeal, Myers filed a petition for post-conviction relief. After this Court disposed of Myers' appeal, the State filed a response in opposition to Myers' petition for post-conviction relief. On May 14, 2007, the trial court denied Myers' petition for post-conviction relief.
 {¶ 4} On May 16, 2008, Myers filed a motion for resentencing, asserting that his original sentence was void because the trial court failed to notify him properly regarding post release control and that the delay in sentencing him violated his Sixth Amendment right to speedy trial. On June 18, 2008, Myers filed a motion to amend his motion for resentencing, instanter. Myers further moved the trial court to vacate his void sentence and conduct a proper sentencing hearing. The State filed a response in opposition, arguing that, on the authority ofState v. Price, 9th Dist. No. 07CA0025, 2008-Ohio-1774, Myers' motion for resentencing must be construed as a petition for post-conviction relief. The State argued that the trial court had no authority to consider this untimely, and second, petition because Myers was not unavoidably prevented from discovering facts upon which the motion relied and because the United States Supreme Court had not recognized a new federal or state right retroactively applicable to persons in Myers' position.
 {¶ 5} On July 21, 2008, the trial court issued a journal entry denying, without analysis, Myers' motions to vacate a void sentence and to resentence him. On August 8, 2008, Myers filed a motion for resentencing, asserting that the trial court was unclear as to which motions it was disposing. Myers asserted that, because the trial court never ruled on his motion to amend his motion for resentencing, instanter, that some issues remained unresolved. He argued, *Page 3 
therefore, that the July 21, 2008 order was merely interlocutory. On August 12, 2008, the trial court issued a journal entry, denying Myers' subsequent motion for resentencing. On August 27, 2008, Myers filed the instant appeal.
 II. ASSIGNMENT OF ERROR
"THE TRIAL COURT ERRED WHEN THE COURT DID NOT RESENTENCE THE APPELLANT PURSUANT TO [R.C.] 2929.191[.]"
 {¶ 6} Myers argues that the trial court erred by failing to resentence him. This Court lacks the jurisdiction to reach the merits of Myers' assigned error because his appeal is untimely.
 {¶ 7} App. R. 3(A) states in relevant part: "An appeal as of right shall be taken by filing a notice of appeal with the clerk of the trial court within the time allowed by Rule 4." App. R. 4(A) states in relevant part: "A party shall file the notice of appeal required by App. R. 3 within thirty days of the later of entry of the judgment or order appealed[.]" This Court has recognized that "[t]his time requirement is jurisdictional and may not be extended. Where an untimely appeal has been filed, an appellate court lacks jurisdiction to consider the merits, and the appeal must be dismissed. (Citations omitted)"Metropolitan Bank Trust Co. v. Roth, 9th Dist. No. 21174, 2003-Ohio-1138, at ¶ 15.
 {¶ 8} Myers sought the vacation of his original sentencing order and resentencing by the trial court. These motions must be construed as a petition for post-conviction relief. "[A] petition for postconviction relief is not an appeal of a criminal conviction but, rather, a collateral civil attack on the judgment, in which a claimant asserts that either actual innocence or deprivation of constitutional rights renders a judgment void." (Internal quotations and citations omitted.)State v. Silsby, 119 Ohio St.3d 370, 2008-Ohio-3834, at ¶ 16. On July 21, 2008, the trial court disposed of those issues. It is immaterial that the trial court did not expressly rule on *Page 4 
Myers' motion to amend his motion, instanter. "When a trial court fails to rule upon a motion, it will be presumed that it was overruled."Georgeoff v. O'Brien (1995), 105 Ohio App.3d 373, 378. Because the July 21, 2008 order disposed of the issues pending before the trial court, that order constituted a final, appealable order. See R.C. 2505.02(B)(1); see, also Harkai v. Scherba Industries, Inc. (2000),136 Ohio App.3d 211, 215 (stating that "the primary function of a final order or judgment is the termination of a case or controversy that the parties have submitted to the trial court for resolution.").
 {¶ 9} Myers' August 8, 2008 motion for resentencing raised the same issues as did his May 16, 2008 motion. This subsequent motion was effectively a motion requesting the trial court to reconsider its July 21, 2008 order. "The Ohio Rules of Civil Procedure do not prescribe motions for reconsideration after a final judgment in the trial court."Pitts v. Ohio Dept. of Transp. (1981), 67 Ohio St.2d 378, paragraph one of the syllabus. Accordingly, "motions for reconsideration of a final judgment in the trial court are a nullity." Id. at 379. Therefore, any judgment entered upon a motion for reconsideration after final judgment is likewise a nullity. Kauder v. Kauder (1974), 38 Ohio St.2d 265, 267. As such, neither the August 8, 2008 motion nor the August 12, 2008 purported order serves to toll the time in which Myers had to file his notice of appeal. See id.
 {¶ 10} The trial court issued the final order resolving all pending issues on July 21, 2008. Myers did not file his notice of appeal until August 27, 2008, more than thirty days later. Accordingly, Myers' appeal is untimely and this Court lacks the jurisdiction to consider it. *Page 5 
 III. {¶ 11} Myers' appeal is untimely, and this Court has no jurisdiction to consider the merits of the appeal.
Appeal dismissed.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App. R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App. R. 30.
Costs taxed to Appellant.
DICKINSON, P. J. CONCURS