JOURNAL ENTRY and OPINION
{¶ 1} Appellants, Donald and Milcie Sweet (the "Sweets"), appeal from the trial court's decision granting summary judgment to appellees, Peachtree Place Group, LLC, Gillespie Homes, Inc., and The Peachtree Place Homeowners' Association (hereinafter collectively referred to as "Peachtree.") The Sweets filed a lawsuit against Peachtree alleging, inter alia, that Peachtree misrepresented the parking area adjacent to their new cluster home. Contained in their complaint is a count for declaratory judgment, seeking a decree that the Sweets are entitled to full rights of their property unencumbered by the parking area. Peachtree filed a motion to dismiss, which the trial court converted into a motion for summary judgment and gave the Sweets proper notice of the conversion. The trial court granted summary judgment to Peachtree, finding that no genuine issue of material fact exists. Subsequently, the Sweets filed a motion for new trial and/or to reinstate the action, which the trial court denied. The Sweets now appeal, citing two assignments of error.
 I. {¶ 2} In their first assignment of error, the Sweets contend that genuine issues of material fact exist which preclude summary judgment to Peachtree. In particular, and for the first time on appeal, they argue that the declarations of covenants and restrictions issued by the homeowners' association never disclosed that the Sweets' property would sit adjacent to a parking area and that nowhere in the purchase agreement is an adjacent parking area mentioned. Based on that, the Sweets maintain that the trial court erred in granting summary judgment to Peachtree. However, the Sweets' arguments are without merit.
 {¶ 3} First, the Sweets never opposed Peachtree's motion for summary judgment. Once Peachtree moved for summary judgment, the Sweets were not permitted to rest upon their mere allegations in the complaint. Indeed, Civ.R. 56(E) provides that the Sweets are required to respond and "must set forth specific facts showing that there is a genuine issue for trial." Summary judgment "shall be entered" against the nonmoving party who fails to respond. Here, the Sweets failed to set forth any facts showing a genuine issue of material fact in response to Peachtree's motion for summary judgment.
 {¶ 4} Second, the unopposed evidence presented by Peachtree in its motion for summary judgment belies the Sweets' contention that the parking area adjacent to their cluster home was never disclosed to them. The declarations provided to the Sweets (and attached as an exhibit to Peachtree's motion for summary judgment) specifically states that the Sweets' home was subject to all easements, records, and restrictions of record, including "common areas" which entail street drives and parking areas, some located within a parcel. Also, the purchase agreement contained a plot map that depicts a parking area adjacent to the sublot on which the Sweets built their cluster home. Finally, and perhaps most telling, the parking area was already constructed and in use before the Sweets' had their final walk-through of their home. According to the unopposed evidence presented by Peachtree, the Sweets not only failed to object to the parking area in plain view, but they indicated that the parking area might be convenient for their visiting nurses.
 {¶ 5} Even construing the unopposed evidence presented by Peachtree most strongly in favor of the Sweets, reasonable minds could have come to but one conclusion; that is, there is no genuine issue of material fact and Peachtree is entitled to judgment as a matter of law. The Sweets' first assignment of error is overruled and summary judgment in favor of Peachtree is affirmed.
 II. {¶ 6} In their second assignment of error, the Sweets argue that the trial court erred when it denied their motion for a new trial and/or to reinstate the action. They base their argument on exhibits they attached to their motion which attempt to cast doubt on Peachtree's unopposed motion for summary judgment. However, the Sweets' argument is without merit.
 {¶ 7} It is well-established that "a motion for a new trial does not properly lie" from a summary judgment proceeding because "a summary judgment proceeding is not a trial but rather is a hearing upon a motion." L.A. D. v. Lake Cty. Bd. of Commrs.
(1981), 67 Ohio St.2d 384, 387, 423 N.E.2d 1109. A "motion for a new trial which questions the granting of a summary judgment is a nullity and not proper." Knecht v. Ohio Dept. of Rehabilitationand Correction (1992), 78 Ohio App.3d 360, 363, 604 N.E.2d 820. Here, there was no trial to reconvene. As such, the Sweets' motion is a nullity.
 {¶ 8} Even if this court were to entertain the merits of the Sweets' motion, there is nothing in their motion providing them a basis for a new trial. For instance, the Sweets do not assert any irregularity in the proceedings, any misconduct, any accident or surprise, excessive damages, error in the amount of recovery, error in the law, newly discovered evidence, or any other reason that would entitle them to a new trial. Thus, the Sweets' second assignment of error is overruled and the trial court's denial of the Sweets' motion for new trial and/or to reinstate the action is affirmed.
Judgment affirmed.
It is ordered that appellees recover of appellants their costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Common Pleas Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Calabrese, Jr., P.J., and McMonagle, J., concur.