JOURNAL ENTRY AND OPINION *Page 3 
{¶ 1} Plaintiff-appellant, Darryl Hines ("appellant"), appeals from the October 26, 2007 judgment of the Cuyahoga County Court of Common Pleas granting summary judgment to defendants-appellees, Marqueta Tyson and the Tyson Legal Team, PLC (collectively "appellees"), [1] and from the February 5, 2008 judgment denying his motion for a new trial. For the reasons stated below, we affirm the court's February 5, 2008 order, and dismiss the appeal of the court's October 26, 2007 order.
 {¶ 2} In June 2002, appellant, a former chief assistant law director for the city of Cleveland, filed an action against the city on behalf of several city employees alleging violations of the Fair Labor Standards Act. The city moved for appellant's disqualification, alleging a conflict of interest. Appellant withdrew his representation and the case was voluntarily dismissed without prejudice on November 25, 2002. Appellant referred his clients to appellees.
 {¶ 3} Appellees assumed representation of the city employees and on December 6, 2002 filed an action on their behalf against the city in Cuyahoga County Common Pleas Case No. CV-02-488368. This case was removed to *Page 4 
federal court on January 3, 2003 as Case No. 1:02CV2492. That action settled and a settlement agreement was signed by the parties in August 2003. The settlement agreement contained a provision that stated: "The parties agree that Attorney Darryl Hines, former attorney for the Plaintiffs and former Chief Assistant Director of Law for Labor and Employment for the City, shall not share, directly or indirectly, in any of the monies the City pays under this Agreement." The federal court approved this settlement agreement.
 {¶ 4} In January 2004, appellant filed an action against appellees in the Cuyahoga County Court of Common Pleas seeking to recover his share of the legal fees allegedly owed to him under a fee-splitting agreement with appellees. That action, No. CV-04-520058, was dismissed without prejudice by the trial court for want of prosecution in January 2007 after appellant failed to appear for trial.
 {¶ 5} Appellant filed the instant action in August 2006 in the Cuyahoga County Court of Common Pleas against the city of Cleveland and numerous city officials ("city defendants"), and appellees asserting causes of action based upon tortuous interference of contract, tortuous interference with business relationship, violations of 42 U.S.C. 1983, civil conspiracy, public policy violations, and intentional infliction of emotional distress.
 {¶ 6} Upon the filing of a joint notice of removal by the city defendants and appellees, the case was removed to federal court in September 2006. The *Page 5 
federal court dismissed all federal claims against appellees on May 17, 2007, and remanded the state law claims against appellees for breach of contract and quantum meruit from appellant's amended complaint to the common pleas court for determination. Appellant's claims against the city defendants continued in federal court.
 {¶ 7} On August 7, 2007, appellant moved the court for summary judgment on his claims against appellees. Appellees opposed the motion and filed their own joint motion for summary judgment.
 {¶ 8} On October 26, 2007, the trial court issued a journal entry stating: "Plaintiffs motion for summary judgment is denied. Defendant's motion for summary judgment is granted. No question of material fact exists that plaintiffs representation was contrary to law. Therefore, plaintiff cannot recover fees pursuant to an illegal contract. Judgment for defendant. Case dismissed."[2]
 {¶ 9} On November 8, 2007, appellant filed a motion for a new trial under Civ. R. 59 or, in the alternative, for reconsideration of the granting of summary judgment against him. The trial court denied this motion on February 5, 2008. On March 5, 2008, appellant filed a notice of appeal stating that he was appealing both the denial of his motion for a new trial, or in the alternative, motion for reconsideration, in addition to the October 26, 2007 order granting *Page 6 
summary judgment to appellees. Although the notice of appeal mentions both orders, appellant's four assignments of error challenge only the trial court's October 26, 2007 order granting summary judgment to appellees. Appellant asserts as follows:
 {¶ 10} "A. The trial court erred when it considered the issue of illegality in its order granting summary judgment in favor of Appellee (hereinafter referred to as "Tyson") because Tyson failed to assert illegality as an affirmative defense in the answer to Appellant's breach of contract claim and therefore waived the defense."
 {¶ 11} "B. The trial court erred by granting summary judgment in favor of Tyson when no evidence was properly submitted to support the summary judgment motion."
 {¶ 12} "C. The trial court lacked subject matter jurisdiction to determine that the agreement between the parties as attorneys was contrary to law by concluding that the Appellant violated the disciplinary rules when the authority to discipline and sanction attorneys is within the exclusive jurisdiction of the Ohio Supreme Court pursuant to the Ohio Constitution."
 {¶ 13} "D. The trial court erred when it voided an agreement between attorneys for what it considered to be a violation of the disciplinary rules and, therefore sanctioned the Appellant when it lacked the authority to discipline an attorney for a perceived violation of those rules in another court." *Page 7 
 {¶ 14} Before reviewing any of appellant's assigned errors, we must first address a procedural issue to determine if we have jurisdiction to consider this appeal.
 {¶ 15} The following dates are key to our analysis: 1) October 26, 2007, the trial court enters an order granting summary judgment against appellant on all claims and dismissing the matter; 2) November 8, 2007, appellant files a motion for a new trial or alternatively for reconsideration of the granting of summary judgment; 3) February 5, 2008, the trial court enters an order denying the motion; 4) March 5, 2008, appellant files a notice of appeal of both the October 26, 2007 and February 5, 2008 orders.
 {¶ 16} To be timely filed, a notice of appeal must be filed within 30 days of the entry of judgment. App. R. 4(A). Therefore, appellant's notice of appeal from the court's October 26, 2007 judgment had to be filed by November 26, 2007, unless the time to file was somehow tolled.
 {¶ 17} App. R. 4(B)(2), provides in pertinent part:
 {¶ 18} "In a civil case ***, if a party files a timely motion for *** a new trial under Civ. R. 59(B), *** the time for filing a notice of appeal begins to run as to all parties when the order disposing of the motion is entered."
 {¶ 19} Civ. R. 59(B) states: "A motion for a new trial shall be served not later than fourteen days after the entry of judgment." *Page 8 
 {¶ 20} Appellant characterizes his motion as a Civ. R. 59 motion for a new trial, or alternatively as a motion for reconsideration. In Bond v.Airway Dev. Corp. (1978), 54 Ohio St.2d 363, the Ohio Supreme Court held that a motion for reconsideration does not toll the 30-day requirement for filing a notice of appeal after entry of an appealable judgment or order in the trial court. Therefore, viewing appellant's motion as a motion for reconsideration, we must find it did not toll the time for appellant to file a notice of appeal from the court's October 26, 2007 judgment.
 {¶ 21} Viewing appellant's motion as a Civ. R. 59 motion for a new trial, we must still find that it failed to toll the 30-day requirement for filing an appeal from the October 26, 2007 order. The Supreme Court of Ohio has held that a motion for a new trial is inapplicable to a judgment entry that grants summary judgment, since it is a hearing on a motion. L.A. D., Inc. v. Lake Cty. Bd. of Commrs. (1981),67 Ohio St.2d 384, 387; Sweet v. Peachtree Place Group, LLC, Cuyahoga App. No. 86545, 2006-Ohio-1578. "[A] motion for a new trial which questions the granting of a summary judgment is a nullity and not proper." L.A. D.,Inc. v. Lake Cty. Bd. of Commrs., supra, at 387. This case was decided on summary judgment, there was no trial. Because appellant's motion for a new trial followed the granting of summary judgment, it is a nullity and the trial court properly denied the motion. *Page 9 
 {¶ 22} In the instant case there are two final appealable orders: (1) the granting of the summary judgment and (2) the denial of the motion for new trial. In light of the fact that there was no trial in this case, appellant's use of a Civ. R. 59 motion was improper and did not toll the time for filing an appeal of the October 26, 2007 summary judgment order. Appellant cannot use App. R. 4(B) to legitimize an appeal which is clearly beyond the allowable time for appeal. Id.
 {¶ 23} Appellant had 30 days to file a notice of appeal from the trial court's October 26, 2007 order. The notice of appeal was not filed until March 5, 2008. Appellant's failure to file a timely notice of appeal renders this court without jurisdiction and authority to entertain the appeal. Bosco v. Euclid (1974), 38 Ohio App.2d 40, 42-43.
 {¶ 24} Accordingly, we affirm the February 8, 2008 order denying appellant's motion for a new trial, and dismiss appellant's appeal of the October 26, 2007 order.
It is ordered that appellees recover of appellant their costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Cuyahoga County Court of Common Pleas to carry this judgment into execution. A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure. *Page 10 
CHRISTINE T. McMONAGLE, P.J., and FRANK D. CELEBREZZE, JR., J., CONCUR.
[1] When appellant filed this action in the lower court, he also named as defendants the city of Cleveland and city officials, including Law Director Subodh Chandra. The only defendants that are parties to this appeal are Tyson and her law firm, however, the appeal is captioned in this court as it was below.
[2] Upon a request for clarification from this court, the trial court prepared a journal entry clarifying it's October 26, 2007 entry as granting summary judgment to both defendants Tyson and her law firm, on their joint motion. *Page 1