NAPIER, Appellant,

v.

NAPIER, Appellee.

[Cite as *Napier v. Napier*, 182 Ohio App.3d 672, 2009-Ohio-3111.]

Court of Appeals of Ohio,
Fourth District, Meigs County.

No. 08CA9.

Decided May 6, 2009.

Southeastern Ohio Legal Services, Steven L. Story, and Melissa Blevins, for appellant.

KLINE, Presiding Judge.

{¶ 1} Crystal Napier appeals from the trial court's August 28, 2008 judgment, which reconsidered the court costs assessed in her divorce. On May 29, 2008, the trial court had assessed court costs to Crystal. However, on August 28, 2008, the court sua sponte reconsidered the May 29, 2008 order and assessed court costs to Crystal and her attorney. On appeal, Crystal contends that the trial court erred

for various reasons when it issued its August 28, 2008 judgment. Because the May 29, 2008 order was a final, appealable order, we do not address Crystal's assignments of error and find that the trial court did not have jurisdiction to reconsider its prior order. Accordingly, we find that the August 28, 2008 judgment is a nullity and vacate it.

I

{¶ 2} Crystal filed for divorce from her husband Phillip G. Napier II, on December 3, 2007. At the same time, she also filed an affidavit, which indicated that she was unable to prepay court costs. The day after Crystal filed for divorce, the trial court issued an order mandating that Crystal pay $50 each month "towards the security of costs." The trial court appointed counsel for her. Her counsel became Crystal's pro bono attorney after Crystal successfully completed a required screening process with Southeastern Ohio Legal Services.

{¶ 3} On April 28, 2008, the trial court held a hearing. During the hearing, the trial court ordered Crystal or her counsel to take several actions.[1] The trial court then issued a show-cause order on May 27, 2008, which indicated that Crystal had failed to submit a proposed entry and required "counsel and parties appear to show cause why this cause should not be dismissed for lack of prosecution or other sanctions imposed." The day after the court issued its show-cause order, Crystal submitted her proposed entry, and this entry indicated, among other things, in paragraph 13 that Crystal would bear the costs of the present action. The trial court entered this proposed entry as final judgment on May 29, 2008. Docketed with this entry is a seek-work order and a cost bill, which detailed fees to the sum of $ 220.[2]

{¶ 4} The next entry in the docket is dated August 28, 2008, and in this entry the trial court found that the costs had not been paid and assessed these costs to "Crystal Napier and her Attorney * * *, the same to be paid on or before September 30, 2008." Crystal appeals from this August 28, 2008 order and asserts the following three assignments of error.

{¶ 5} I. "The trial court erred when it ordered plaintiff/appellant to pay court costs within 33 days while failing to follow the statutory steps outlined in R.C. § 2335." II. "The trial court's order requiring plaintiff/appellant's counsel to pay

---

1. The record is unclear as to precisely what the trial court ordered. The later show-cause order does indicate that the trial court ordered Crystal to file a proposed final entry.

2. Crystal has included a letter (dated May 30, 2008) from the Meigs County clerk of courts requesting payment. This letter does not appear in the record below, and so we cannot consider it here. See *State v. Ishmail* (1978), 54 Ohio St.2d 402, 405–406, 8 O.O.3d 405, 377 N.E.2d 500.

plaintiff/appellant's court costs is contrary to the established public policy of the state of Ohio and of the United States." III. "The trial court erred in exceeding its authority by ordering defendant's [sic] counsel to pay court costs."

## II

{¶ 6} The crux of Crystal's contention is that the trial court erred for various reasons when it changed the May 29, 2008 final judgment by entering a second judgment on August 28, 2008. The final judgment assessed the court costs to Crystal. The second judgment (the only judgment that she is appealing) assesses these same court costs to her and her counsel. For the following reason, we do not address her assignments of error.

{¶ 7} Here, the trial court sua sponte reconsidered its final judgment assessing court costs. However, after a trial court issues a final, appealable order, a motion for reconsideration of that final order is a nullity, and any judgment entered on such a motion is also a nullity. *Pitts v. Ohio Dept. of Transp.* (1981), 67 Ohio St.2d 378, 379, 21 O.O.3d 238, 423 N.E.2d 1105; *Kauder v. Kauder* (1974), 38 Ohio St.2d 265, 267, 67 O.O.2d 333, 313 N.E.2d 797. A trial court's sua sponte reconsideration of a final judgment is no different from a party moving for reconsideration. Therefore, we find that the August 28, 2008 judgment is a nullity because the trial court lacked jurisdiction to reconsider its own valid final judgment. See id.

{¶ 8} Accordingly, we vacate the August 28, 2008 judgment entry.

Judgment vacated.

HARSHA and MCFARLAND, JJ., concur.