[Cite as *Chase v. Gersten*, 2013-Ohio-252.]

IN THE COURT OF APPEALS OF OHIO
FOURTH APPELLATE DISTRICT
ROSS COUNTY

|  |  |  |
|---|---|---|
| Chase Home Finance LLC successor by merger to Chase Manhattan Mortgage Corporation successor by merger to Chase Mortgage Company, | : : : : : | Case No: 12CA3314 |
| Plaintiff-Appellee, | : : | |
| v. | : : | |
| Heidi Gersten, et al., | : : : | DECISION AND JUDGMENT ENTRY |
| Defendant-Appellant. | : : | Filed: January 23, 2013 |

APPEARANCES:

Heidi Gersten, Chillicothe, Ohio, Lantana, Florida, and Los Angeles, California, pro se Appellant.

Anne Marie Sferra and Nelson M. Reid, BRICKER & ECKLER LLP, Columbus, Ohio, for Appellee.

Kline, J.:

{¶1}  Heidi Gersten (hereinafter "Gersten") appeals the judgment of the Ross County Court of Common Pleas.  After granting summary judgment in favor of Chase Home Finance LLC successor by merger to Chase Manhattan Mortgage Corporation successor by merger to Chase Mortgage Company (hereinafter "Chase"), the trial court denied Gersten's motion for a new trial.  On appeal, Gersten asserts numerous arguments related to the proceedings below.  But we will not address these arguments. Instead, we must dismiss Gersten's appeal for lack of jurisdiction.

I.

{¶2}   This is Gersten's third appeal in this matter.  The case began on December 9, 2009, when Chase filed a foreclosure complaint against Gersten.

{¶3}   On August 15, 2011, the trial court granted summary judgment in favor of Chase.  Then, on August 31, 2011, the trial court issued a decree of foreclosure.

{¶4}   Two significant things happened on September 14, 2011.  One, Gersten filed a Motion for New Trial under Civ.R. 59.[1]  And two, Gersten filed her first appeal in this matter (Case Number 11CA3281).  We gave Gersten numerous opportunities to perfect the appeal in Case Number 11CA3281, but she failed to do so.  As a result, on March 27, 2012, we dismissed Gersten's appeal in Case Number 11CA3281.

{¶5}   Gersten filed her second appeal on October 5, 2011 (Case Number 11CA3291), but we found the following: "Because the notice of appeal was not timely filed, we lack jurisdiction over this matter."  December 30, 2011 Decision and Judgment Entry in Case Number 11CA3291.  As a result, we also dismissed Gersten's appeal in Case Number 11CA3291.

{¶6}   On January 31, 2012, the trial court denied Gersten's Motion for New Trial.

{¶7}   Gersten filed the present appeal on February 24, 2012.  In her notice of appeal, Gersten claimed to be appealing "from the judgment of the order of summary judgment ordered on August 15th, 2011[,] and entered as an entry on August 31, 2011[,] and also appeal[ing] from overruling New Trial Motion ordered January 25, 2012[,] and entered as entry January 26[,] 2012[,] or January 31, 2012[.]"

---

[1] Gersten filed her Motion for New Trial twice.  A facsimile of the motion was filed on September 14, 2011, and the original motion was filed on September 15, 2011.

{¶8}   On appeal, Gersten asserts numerous assignments of error related to the proceedings below.  However, because we lack jurisdiction to address these assignments of error, we need not list them here.

II.

{¶9}   Regardless of whether Gersten is appealing from (1) the denial of her motion for a new trial or (2) the grant of summary judgment, we lack jurisdiction over this appeal.

{¶10}  To the extent that Gersten is appealing from the denial of her motion for a new trial, we lack jurisdiction because her motion is a nullity.  "Case law has * * * clearly indicated that a summary judgment proceeding is not a trial but rather is a hearing upon a motion. * * * Since a summary judgment proceeding is not a trial, a motion for a new trial does not properly lie." *L.A. & D., Inc. v. Bd. of Lake Cty. Commrs.*, 67 Ohio St.2d 384, 387, 423 N.E.2d 1109 (1981).  As a result, "the motion for a new trial which questions the granting of a summary judgment is a nullity and not proper." *Id.  Accord Hines v. Chandra*, 8th Dist. No. 91111, 2009-Ohio-1794, ¶ 21.  Furthermore, because Gersten's motion for a new trial is a nullity, the trial court's entry denying her motion is also a nullity.  *See Napier v. Napier*, 182 Ohio App.3d 672, 2009-Ohio-3111, 914 N.E.2d 1069, ¶ 7 (4th Dist.), citing *Pitts v. Ohio Dept. of Transp.*, 67 Ohio St.2d 378, 379, 423 N.E.2d 1105 (1981).  And Gersten may not appeal from a nullity.  *Burriss v. Burriss*, 4th Dist. Nos. 09CA21 & 10CA11, 2010-Ohio-6116, ¶ 16.

{¶11}  To the extent that Gersten is appealing from the trial court's grant of summary judgment, her appeal is clearly untimely.

App.R. 4(A) requires a party to file a notice of appeal "within thirty days of the later of entry of the judgment or order appealed or, in a civil case, service of the notice of judgment and its entry if service is not made on the party within the three day period in Rule 58(B) of the Ohio Rules of Civil Procedure." If a party fails to file a notice of appeal within thirty days as required by App.R. 4(A), we do not have jurisdiction to entertain the appeal. The timely filing of a notice of appeal under this rule is a jurisdictional prerequisite to our review. *Hughes v. A & A Auto Sales, Inc.*, 4th Dist. No. 08CA35, 2009-Ohio-2278, ¶ 7, quoting App.R. 4(A).

{¶12} We have already found that September 30, 2011, was the deadline for appealing from the grant of summary judgment. *See* December 30, 2011 Decision and Judgment Entry in Case Number 11CA3291. And significantly, Gersten's motion for a new trial did not extend that deadline. *See Bd. of Lake Cty. Commrs.* at 387 ("[T]he filing of the motion for a new trial does not toll the time for filing the notice of appeal from the summary judgment."). Therefore, because Gersten filed the present appeal on February 24, 2012, her appeal of the trial court's summary-judgment decision is untimely.

{¶13} Accordingly, we lack jurisdiction to address Gersten's assignments of error and must dismiss her appeal.

**APPEAL DISMISSED.**

## **JUDGMENT ENTRY**

It is ordered that the APPEAL BE DISMISSED and that the Appellant pay the costs herein taxed.

The Court finds that there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this Court directing the Ross County Common Pleas Court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.  Exceptions.

McFarland, P.J. & Harsha, J.:  Concur in Judgment & Opinion.


For the Court


BY:_____
      Roger L. Kline, Judge



## **NOTICE TO COUNSEL**

**Pursuant to Local Rule No. 14, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.**