[Cite as *In re A.K.*, 2025-Ohio-4643.]

IN THE COURT OF APPEALS OF OHIO
FOURTH APPELLATE DISTRICT
HIGHLAND COUNTY

| | | |
|---|---|---|
| In re: A.K. | : | Case No. 25CA14 |
| | : | |
| Adjudicated Abused, Neglected, | : | <u>DECISION AND</u> |
| Dependent Child. | : | <u>JUDGMENT ENTRY</u> |

**RELEASED 10/02/2025**

_____

<u>APPEARANCES</u>:

Steven H. Eckstein, Washington Court House, Ohio, for appellant.

Anneka P. Collins, Highland County Prosecutor, and Molly Bolek, Highland County Assistant Prosecutor, Hillsboro, Ohio, for appellee.

_____

Hess, J.

**{¶1}** The father of A.K. appeals from a May 14, 2025 entry[1] of the Highland County Court of Common Pleas, Juvenile Division, which among other things, denied his motion to reconsider the court's decision adjudicating A.K. an abused, neglected, and dependent child and ordering that the child remain in the temporary custody of the Highland County Department of Job & Family Services, Child Protection Unit (the "Agency").[2] Father presents three assignments of error asserting that the juvenile court erred in finding by clear and convincing evidence that A.K. was an abused, neglected, and dependent child. For the reasons which follow, we lack jurisdiction to address the merits of the assigned errors and dismiss the appeal.

---

[1] Father's notice of appeal incorrectly states that he is appealing from a May 30, 2025 entry; the juvenile court did not issue an entry on that date. Father's civil docket statement indicates the date the judgment or order appealed from was filed was May 14, 2025.

[2] A.K.'s mother has not entered an appearance or otherwise participated in this appeal. She filed a separate appeal in Highland App. No. 25CA8.

## I.  FACTS AND PROCEDURAL HISTORY

{¶2}    On November 15, 2024, the Agency filed a complaint alleging A.K. was an abused, neglected, and dependent child. The same day, the juvenile court granted the Agency emergency temporary custody of the child.  After a hearing, the court continued temporary custody with the Agency. On December 23, 2024, father filed a "motion for change of parental rights and responsibilities (custody)" asking the court to return A.K. to mother.  On January 10, 2025, the court conducted a pretrial hearing. At the time, adjudication was set for January 23, 2025, and disposition was set for January 24, 2025. During the pretrial hearing, the court told father, who was acting pro se, that he could let his witnesses know the dates and "hope they show up" or could file a witness list with the court, and it would issue subpoenas.

{¶3}    On January 16, 2025, father filed a motion to dismiss, which was set for hearing on January 23, 2025.  On January 22, 2025, the Agency moved for a continuance. Adjudication, disposition, and the motion to dismiss were rescheduled for hearing on March 6, 2025.  On February 6, 2025, father filed a "motion for change of parental rights and responsibilities (custody)" asking the court to return A.K. to him. This motion was also set for hearing on March 6, 2025.

{¶4}    During the March 6, 2025 hearing, father told the court that he turned in a witness list, but his witnesses had not been subpoenaed.  The court found the list "laying in the back of the file."  The court thought the witnesses were probably not subpoenaed because the list was provided for a different hearing date and "there wasn't any additional request for the next hearing."  The court let father call the witnesses to see if they could come in, but they were both working.  Later, the court observed that father's list indicated

his witnesses were character witnesses. The court asked father if "the only purpose for them to testify is to your character?" Father said, "Yeah, I would say that's -- that would be about it. Yes, Your Honor."

{¶5}   After hearing evidence as to adjudication, the court orally found A.K. to be an abused, neglected, and dependent child. The court then indicated it would proceed to disposition. The court told father that "whatever I decide today, I'm going to set another hearing for you to have your character witnesses here if you choose to. These are ordered -- whatever I order can always be modified and reviewed." The court also stated, "I am going to make dispositional findings today, but we'll allow those to be further reviewed at a future date when Dad can have his two witnesses here." The court orally made a disposition of temporary custody to the Agency. That same day, an assignment notice was filed stating that the case was assigned for a "dispositional hearing as to father" on April 21, 2025, and father's list of character witnesses was filed.

{¶6}   On March 12, 2025, the juvenile court issued an entry of adjudication and disposition. The entry states that A.K. is an abused, neglected, and dependent child. The entry orders, pursuant to R.C. 2151.353(A)(2)(a), that A.K. remain in the Agency's custody for one year, to automatically terminate on November 15, 2025, unless a timely motion is filed with the court.

{¶7}   The next day, father filed a "motion to reconsider" asking the juvenile court to "reconsider its decision in this matter" for the following reasons:  (1) his motions to dismiss and for change in custody were scheduled to be heard on March 6, 2025, but "were not brought before the Court," depriving him of "due process and the opportunity to present critical arguments"; (2) the complaint did not mention him by name or provide a

clear legal claim against him; (3) the adjudicatory hearing was untimely; and (4) the court's failure to hear scheduled motions and violation of statutory timeframes resulted in a fundamentally unfair proceeding. The motion was set for hearing on April 21, 2025. On March 26, 2025, mother appealed the March 12, 2025 entry.[3] On April 17, 2025, mother filed a "motion to amend court record." On April 21, 2025, the court continued the scheduled hearing due to a power outage, and a "final hearing on all timely filed motions" was set for May 13, 2025. On April 25, 2025, father filed a "motion to expedite hearing."

{¶8}    Shortly before the May 13, 2025 hearing, father filed a motion to continue asserting he was experiencing illness that prevented him from adequately preparing for and participating in the hearing. However, he still appeared at the hearing. After it began, the court stated:

> As counsel and the parties know, on March 6th of this year the Court made a finding and journalized it by way of an entry. And part of that finding on disposition was temporary custody to the Agency. At that time, Dad had a couple of witnesses he wanted to present. So, we -- I agreed to reset it and kind of treat -- treat today's hearing as a request to modify the disposition.

The court explained that father would "be given the opportunity to present a couple of more witnesses to see if -- if the Court would change its mind on disposition." Father told the court that he had not been able to properly prepare for the hearing due to an abscessed tooth. The court did not think a lot of preparation was needed to question a couple of witnesses and had him call his first witness. After the witness was sworn in, father told the court he did not have enough time to prepare questions for his witnesses. Father told the court he had the tooth issue "[o]ff and on for a month, give or take," and

---

[3] Mother's notice of appeal incorrectly stated that she was appealing from a March 6, 2025 judgment regarding abuse, neglect, and dependency. Although the juvenile court made oral rulings that day, the court issued its entry on adjudication and disposition on March 12, 2025.

the court noted he had two months to prepare. The court dismissed the witness on the stand, and father did not call his second witness, who was present. The court stated that because there had "been no other evidence presented, the March 6th order will not be modified." The court also addressed written motions during the hearing, including father's motion to reconsider, which it stated was "overruled and denied."

{¶9} On May 14, 2025, the juvenile court issued an entry regarding the May 13, 2025 hearing which discussed father's request for a continuance and failure to question his witnesses and states that: (1) father's request for a continuance is "overruled and denied"; (2) the court explained to father "that his motions filed prior to March 6, 2025, were all resolved by the findings and orders outlined within the March 6, 2025, Entry"; (3) the March 13, 2025 motion "to reconsider the March 6, 2025 decision is overruled and denied"; (4) the April 25, 2025 motion "to expedite the hearing is now moot"; and (5) mother's motion to amend the record is "overruled and denied."[4] On June 2, 2025, father filed an appeal from this entry, though his notice of appeal incorrectly stated the date of the entry.

## II. ASSIGNMENTS OF ERROR

{¶10} Father presents three assignments of error:

Assignment of Error One – The trial court erred in finding by clear and convincing evidence that A.K. was abused pursuant to R.C. 2151.031.

Assignment of Error Two – The trial court erred in finding by clear and convincing evidence that A.K. was neglected pursuant to R.C. 2151.03(A)(2).

---

[4] Although the juvenile court referred to a March 6, 2025 "decision" and "Entry," the court issued the entry memorializing the oral adjudication and disposition of March 6, 2025, on March 12, 2025. "It is axiomatic that a court speaks only through its journal entries." *State ex rel. Collier v. Farley*, 2005-Ohio-4204, ¶ 18 (4th Dist.), citing *In re Adoption of Gibson*, 23 Ohio St.3d 170, 173, fn. 3 (1986).

Assignment of Error Three – The trial court erred in finding by clear and convincing evidence that A.K. was dependent pursuant to R.C. 2151.04(C) and (D).

### III.  LAW AND ANALYSIS

**{¶11}** We lack jurisdiction to consider Father's assignments of error, which challenge the adjudication of A.K. as an abused, neglected, and dependent child, because he failed to timely appeal the March 12, 2025 entry of adjudication and disposition.  "[A]n adjudication by a juvenile court that a child is dependent, neglected or abused followed by a dispositional order awarding temporary custody to a public children services agency is a final order and is appealable to the court of appeals."  *In re T.K.M.*, 2019-Ohio-5076, ¶ 25 (1st Dist.), citing *In re Murray*, 52 Ohio St.3d 155 (1990), syllabus, and *In re Allah*, 2005-Ohio-1182, ¶ 3 (1st Dist.).  "App.R. 4 governs the timing of appeals and must be carefully followed because failure to file a timely notice of appeal under App.R 4(A) is a jurisdictional defect."  *In re H.F.*, 2008-Ohio-6810, ¶ 17, citing *State ex rel. Pendell v. Adams Cty. Bd. of Elections*, 40 Ohio St.3d 58, 60 (1988).  Under App.R. 4(A)(1), generally "a party who wishes to appeal from an order that is final upon its entry shall file the notice of appeal required by App.R. 3 within 30 days of that entry." The March 12, 2025 entry is a final, appealable order because in it, the juvenile court adjudicated A.K. an abused, neglected, and dependent child and then made a dispositional order awarding temporary custody to the Agency under R.C. 2151.353(A)(2)(a).  Father did not file an appeal from the March 12, 2025 entry, let alone a timely one.

**{¶12}**  Father cannot collaterally attack the adjudication via an appeal from the May 14, 2025 entry.  The entry did deny father's motion to reconsider the decision set forth in the March 12, 2025 entry.  However, father does not assign as error the denial of his

motion to reconsider, and the motion did not raise the arguments he makes on appeal, which challenge the sufficiency and weight of the evidence supporting the adjudication. Even if it had, the Ohio Rules of Juvenile Procedure provide no authority for a juvenile court to reconsider its decision to adjudicate a child abused, neglected, or dependent after the court has journalized its dispositional order. Under the Ohio Rules of Civil Procedure, which we have looked to for guidance when no procedure is specifically prescribed by the juvenile rules, "'[t]he only motions a trial court may consider and grant to relieve a party from a final order are motions * * * pursuant to Civ.R. 50(B) (motion notwithstanding the verdict), Civ.R. 59 (motion for new trial), and Civ.R. 60(B) (motion for relief from judgment).'" (Omission in original.) *In re A.B.*, 2009-Ohio-5733, ¶ 9 (4th Dist.), quoting *Perez v. Angell*, 2007-Ohio-4519, ¶ 3 (10th Dist.), citing *Pitts v. Ohio Dept. of Transp.*, 67 Ohio St.3d 378, 380 (1981). *See also* Juv.R. 45(B) ("If no procedure is specifically prescribed by these rules or local rule, the court shall proceed in any lawful manner not inconsistent with these rules or local rule."). "'[A]fter a trial court issues a final, appealable order, a motion for reconsideration of that final order is a nullity, and any judgment entered on such a motion is also a nullity.'" *Burriss v. Burriss*, 2010-Ohio-6116, ¶ 15 (4th Dist.), quoting *Napier v. Napier,* 2009-Ohio-3111, ¶ 7 (4th Dist.), citing *Pitts* at 379. "'"[A] party cannot appeal from such a judgment."'" *Levy v. Ivie*, 2011-Ohio-4055, ¶ 15 (10th Dist.), quoting *Rutan v. Collins*, 2003-Ohio-4826, ¶ 7 (10th Dist.), quoting *Primmer v. Lipp*, 2003-Ohio-3577, ¶ 7 (5th Dist.).

{¶13} In addition, the fact that the juvenile court proceeded at the May 13, 2025 hearing as if father had filed a motion to modify the disposition is immaterial. Juv.R. 34(G) and R.C. 2151.353(F)(2) permit certain parties to file a motion to modify or terminate an

order of disposition and require that the court hold a hearing on the motion as if the hearing were the original dispositional hearing. But a motion under these provisions does not toll the time to appeal in App.R. 4(A)(1). *See* App.R. 4(B)(2) (if a party timely and appropriately files one of the post-judgment filings listed in the rule in a juvenile proceeding, time for filing notice of appeal from the judgment begins to run when trial court enters an order resolving the last of the post-judgment filings). Therefore, the fact that the juvenile court proceeded as if father had filed a motion to modify the disposition did not toll the time for him to appeal the March 12, 2025 entry until the court entered an order resolving the motion.

{¶14} For the foregoing reasons, we lack jurisdiction to consider the merits of father's assignments of error and dismiss the appeal. However, we observe that father presents the same assignments of error and arguments that mother presented in her appeal. So even if we had jurisdiction, we would overrule his assignments of error for the same reasons we overruled hers in *In re A.K.*, 2025-Ohio-2935 (4th Dist.).

APPEAL DISMISSED.

## **JUDGMENT ENTRY**

It is ordered that the APPEAL IS DISMISSED and that appellant shall pay the costs.

The Court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this Court directing the Highland County Court of Common Pleas, Juvenile Division, to carry this judgment into execution.

Any stay previously granted by this Court is hereby terminated as of the date of this entry.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

Smith, P.J. & Wilkin, J.: Concur in Judgment and Opinion.


For the Court



BY: _____
     Michael D. Hess, Judge




## **NOTICE TO COUNSEL**

**Pursuant to Local Rule No. 14, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.**